UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6345

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOWARD HARDY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:95-cr-00156-LMB; 1:07-cv-00157-LMB)

Submitted: April 19, 2007          Decided: April 25, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Howard Hardy, Appellant Pro Se.  Irvin McCreary Allen, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Hardy seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Hardy has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Hardy's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on

collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Hardy's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we deny Hardy leave to file a successive § 2255 motion, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED